UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PARIS D. KENNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV771 HEA |
| | ) | |
| ABBCO SERVICE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Movant's Motion for Appointment of Counsel, [Doc. No. 4]. The Court notes that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* at 1005.

Plaintiff alleges employment discrimination under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Plaintiff has set forth the basis of his claims and has filed a Complaint which contains the facts upon which he bases his claims. The facts of this case do not appear to be so complex that Plaintiff is unable

to pursue this action without the assistance of counsel.  Having considered the factual complexity of the case, the ability of Plaintiff to investigate the facts, the potential existence of conflicting testimony, the ability of Plaintiff to present his claims and the complexity of the legal issues involved in this case,  see *Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [Doc. No. 4] is denied without prejudice.

Dated this 16th day of June, 2009.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE