UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARIS D. KENNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV771HEA |
| | ) |
| ABBCO SERVICE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court Defendant's Motion to Dismiss for Failure to State a Claim, [Doc. No. 25]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted and leave will be given to file an Amended Complaint

**Background**

Plaintiff brought this action for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. for employment discrimination. Plaintiff is proceeding *pro se* and filed her Complaint on a form provided by the Clerk's Office for this District. On the form, Plaintiff "checked" that she was bringing the action for employment discrimination based on race, color, religion, gender or national origin. Further on the form, Plaintiff "checked" that she believed she was discriminated against based on her race. However, in the descriptive portion of this form Complaint, Plaintiff claims she was discharged based on "sexual

harassment" of a "gay male" Plaintiff also alleges that her "accuser" retaliated against her because she "spoke against him."

Defendants now move to dismiss certain of Plaintiff's claims for failure to state a cause of action.

## **Discussion**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint

must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15

(8th Cir.2005).

Plaintiff's Complaint fails to state a cause of action for race discrimination or retaliation. There is nothing whatsoever in the Complaint which is even remotely related to Plaintiff's race. Although Plaintiff claims that "her accuser" retaliated against her, she does not indicate in any way that any retaliation was in response to any protected activity, which is a requirement under Title VII.

While Plaintiff attempts to boost her claims by attaching affidavits and her Charge of Discrimination, the Court is not at liberty to consider this documents at this time. "When ruling on a motion to dismiss under Rule[ ] 12(b)(6)..., a district court generally may not consider materials outside the pleadings." *Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir.2008).

The present Complaint is insufficient to satisfy the minimal pleading requirements of Rule 8, which requires Plaintiff to give a short and plain statement of the claim for relief. Although Plaintiff says she was discriminated because of her race and was retaliation, Defendant cannot ascertain from the allegations in the Complaint what actions are allegedly discriminatory. There is no connection between Plaintiff's discharge and her race that can be determined from this Complaint. Likewise, there is nothing contained in the Complaint which would establish that Defendant retaliated against Plaintiff in any way, much less for engaging in protected activity.

## Conclusion

Defendant's Motion is well taken.  Plaintiff's Complaint fails to state a cause of action, and therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint must be dismissed.  Plaintiff will be given 14 days within which to file an Amended Complaint. Failure to file an Amended Complaint will result in dismissal of this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 25], is granted.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days within which to file an Amended Complaint.

Dated this 14th day of May, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE