UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PARIS D. KENNELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   4:09CV771HEA |
| | ) | |
| ABBCO SERVICE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court Defendant's Motion to Dismiss Plaintiff's

Amended Complaint for Failure to State a Claim, [Doc. No. 34].  Plaintiff has not

responded to the Motion.  For the reasons set forth below, the Motion is granted

## Background

Plaintiff brought this action for alleged violations of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. for employment discrimination.

Originally, Plaintiff filed her Complaint on forms provided to *pro se* litigants.  The

Court granted Defendant's original motion to dismiss on May 14, 2010 and granted

leave to file an Amended Complaint.  Plaintiff's Amended Complaint is a one page

document wherein Plaintiff claims that she was terminated from her employment with

Defendant on June 11, 2008 after Defendant took the word of another worker at the

jobsite instead of Plaintiff's.  Plaintiff then alleges that she was terminated based on her

race.

Defendant now moves to dismiss Plaintiff's claims for failure to state a cause of action.

## Discussion

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

Plaintiff's Amended Complaint fails to state a cause of action for race discrimination. The single fact asserted is that Defendant took the word of one employee over Plaintiff's word. Plaintiff states that she believes this action was based on her race. This conclusory statement fails to satisfy the requirements of *Twombly* and *Iqbal*.

In order to establish a *prima facie* case of discrimination, Plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly-situated employees who were not members of her protected class. *Norman v. Union Pacific R.R. Co.,* 606 F.3d 455, 461 (8th Cir. 2010). The Amended Complaint fails to apprise Defendant of the actions upon which Plaintiff relies to establish that she was meeting her employer's legitimate job expectations and further fails to state any minimal facts that she was treated differently from similarly situated employees who were not members of Plaintiff's protected class. The Amended Complaint fails to set forth even minimal facts which would establish that Plaintiff's cause of action is plausible on its face.

## Conclusion

Defendant's Motion is well taken. Plaintiff's Amended Complaint fails to state a cause of action, and therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, the Amended Complaint must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 34], is granted.

Dated this 9th day of September, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE